IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| | ) |
| DAVID C. MCCARBLE II, | ) CASE NO. 14-33210-H3-7 |
| | ) |
| Debtor, | ) |
| | ) |

## MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion to Approve and Enforce Compromise in Adversary No. 14-3296 Pursuant to Federal Rule of Bankruptcy Procedure 9019, Alternatively, Motion to Compel Debtor to Execute Settlement Documents and Motion for Sanctions" (Docket No. 50). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion, and directing the resumption of trial. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

David C. McCarble II ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 3, 2014.

On September 18, 2014, Bank of the West (the "Bank") filed the complaint in Adv. No. 14-3296.

Trial of Adv. No. 14-3296 commenced on March 23, 2016. On May 18, 2016, the ninth scheduled day of trial, counsel for the Bank announced preliminary agreement on a settlement proposal. Counsel for the Bank read the terms into the record. Counsel for the Bank announced that the settlement required subsequent approval by the Bank's internal loan committee, and by the court. (Docket No. 106, Adv. No. 14-3296).

The parties submitted a written document on May 18, 2016. The document, which bears the signatures of Debtor, Debtor's spouse, and Debtor's counsel of record in Adv. No. 14-3296, provides:

> 5-18-16   General Proposal   Case No. 14-3296
>
> David McCarble II submits the following proposal to Bank of the West.  Mr. Larson would be willing to submit these terms to internal loan committee for approval.  Please understand that the terms have not been proposed or agreed to by the Bank but are merely terms proposed by you.  Mr. Larson would submit to the internal bank committee to consider in order to settle the discharge litigation your proposal as follows:
>
> 1.   McCarble will agree to the entry of an Agreed Nondischargeable Final Judgment in the full amount of the Bank's proof of claim, plus post judgment interest at the federal judgment rate until paid.  The Judgment shall be non-dischargeable in this, and any subsequently filed, bankruptcy case.  The Judgment will contain express findings which satisfy the requirements of either Section 523(a)(2)(B) and [sic] (523(a)(6);
>
> 2.   Upon execution of the settlement agreement in a document in form and substance acceptable to the Bank, David McCarble, his agents, spouse, heirs representatives, successors and assigns, fully and finally releases and forever discharges the Bank, its officers, agents, attorneys, agents, representatives,

>predecessors, successors and assigns from any and all claims, demands, causes of action relating to the relationship between the Bank and David McCarble from the beginning of time through the date of the agreement.  This is intended to be the broadest possible release of the Bank under applicable law. Upon payment in full of the Agreed Final Judgment amount, the Bank shall release David McCarble.  The Bank will be entitled to receive any distribution on its proof of claim from the David McCarble bankruptcy estate which shall be used to reduce the amount owing under the Agreed Judgment.
>
>3.   The settlement, with order standard terms must be filed with the Court no later than 10 days after internal Bank approval of the terms and then approved by the bankruptcy court in a final order.  If internal loan committee does not approve the terms, the terms shall be withdrawn in their entirety and the parties will be placed in the same position as they were before the settlement discussions and the current trial will resume in the bankruptcy court.  If the bankruptcy settlement pleadings in form and substance satisfactory to the Bank are not filed with the Court within 10 days of the Bank's written approval of the terms by the internal loan committee, then the Bank can either, in its sole discretion (a) seek enforcement of the terms in the bankruptcy court by motion; or (b) withdraw the terms in their entirety and the parties will be placed in the same position as they were before the settlement and the current trial will resume in the bankruptcy court.

(Bank Exhibit 1).

On May 19, 2016, counsel for the Bank sent email to counsel of record for Debtor in the instant adversary proceeding, stating that the Bank accepted Debtor's proposal.  (Bank Exhibit 2).

Subsequently, the parties have been unable to agree on a form of settlement agreement.  At a status conference in Adv. No. 14-3296 held on June 2, 2016, counsel of record for Debtor in

the instant adversary proceeding announced that Debtor had requested that he be given time to submit the proposed settlement agreement to his bankruptcy counsel for review. The status conference was continued, by order entered on June 2, 2016. That order provides in pertinent part:

> [I]f counsel for Plaintiff has not received signed settlement documents on or before June 7, 2016, he may seek further relief by appropriate motion.

(Docket NO. 101, Adv. No. 14-3296).

In the instant motion, the Bank seeks entry of an order either approving and enforcing the May 18, 2016 settlement agreement, or alternatively compelling Debtor to execute the settlement documents the Bank has proposed.

At the hearing on the instant motion, Terry Larson, an officer of the Bank, testified that the Bank accepted Debtor's proposal on May 19, 2016, and that he authorized the Bank's counsel to send the email to counsel of record for Debtor in the instant adversary proceeding accepting the proposal.

At the hearing on the instant motion, Debtor testified that the proposed form of settlement agreement submitted to him by the Bank (which was admitted at the hearing as Bank Exhibit 3) is unacceptable to him. He testified that the proposed form does not track the proposal presented on May 18, 2016 as follows:

> At page 1, paragraph 1(c), the proposed agreement makes Debtor's spouse a party to the agreement, though she is not a party to the adversary proceeding;

4

>   At page 2, paragraph 5, the proposed agreement recites that the parties announced the terms of a settlement on the record, as opposed to Debtor's proposal;
>
>   At page 4, paragraph 14, the proposed agreement incorrectly recites that Mrs. McCarble owns claims to be settled;
>
>   At page 4-5, paragraph 15, the proposed agreement does not reflect Debtor's belief that collection would be subject to a stay of execution for two years;
>
>   At page 6, paragraph 20, the proposed agreement recites that Debtor has had the assistance of competent counsel. Debtor asserts that he has not had such assistance; and
>
>   The proposed form includes awards to the Bank of interest and attorney fees that were not included in the proposal.

(Electronic Recording, July 21, 2016).

At the conclusion of the hearing on the instant motion, counsel of record for Debtor in the instant adversary proceeding announced that he anticipated submitting a revised proposed form of agreement. On July 26, 2016, counsel of record for Debtor in the instant adversary proceeding filed, unsigned, a revised proposed "Compromise Settlement Agreement." (Docket No. 55). The Bank objects to the revised proposed terms. (Docket No. 56).

## Conclusions of Law

Texas Rule of Civil Procedure 11 ("Rule 11") provides:

>   No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

Rule 11, Tex. R. Civ. P.

Rule 11 applies to a settlement announced before a bankruptcy court.  See Houston v. Holder (In re Omni Video, Inc.), 60 F.3d 230 (5th Cir. 1995).

Approval by the court is not a prerequisite for enforcement of a settlement.  See In re Sparks, 190 B.R. 842 (Bankr. N.D. Ill. 1996).

In order to have a valid compromise, there must be a meeting of the minds between the parties as to what they intended when the compromise was reached.  Parich v. State Farm Mut. Auto Ins. Co., 919 F.2d 906 (5th Cir. 1990).

In the instant case, there was no meeting of the minds as to the terms of the compromise sufficient to satisfy Rule 11.  The document at Exhibit 1 (which was admitted into evidence on May 18, 2016), is a proposal by the Debtor.  It does not bear a signature on behalf of the Bank.  The announcement of the settlement by counsel for the Bank on the record at the hearing on May 18, 2016 reflects that the settlement was not yet accepted by the Bank.  Therefore, the announcement at the hearing on May 18, 2016 does not satisfy Rule 11.

The filing of the document at Exhibit 1, as an attachment to the instant motion, together with the email at Exhibit 2, appears to be sufficient to satisfy Rule 11.  However, the testimony of Debtor makes clear that at the time the instant motion was filed, Debtor did not agree to the terms as stated in

the proposed form of settlement agreement prepared by the Bank.

Moreover, the terms of the document at Exhibit 1 are vague, and not enforceable on their own.  They contemplate a further agreement, failing which the Bank could either withdraw fully from the agreement, or alternatively seek enforcement of the agreement.  However, because the terms at Exhibit 1 require a further agreement, there is nothing to enforce in the absence of a further agreement.

The court concludes that there is no meeting of the minds, and thus no settlement.  The court concludes that the instant motion should be denied without prejudice, and the trial of Adversary No. 14-3296 should be resumed.[1]

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on August 4, 2016.

*Letitia Z. Paul*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[1] The court notes, however, that the parties appear to be close to settlement, and perhaps may be able to reach a comprehensive settlement to which they both may agree.